Wayne Edward **JACOBS**, Plaintiff-Appellant,

v.

**CITY OF NEW ORLEANS** et al., Defendants-Appellees.

No. 73-1164
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 29, 1973.

---

1. Based upon Moore v. Mead's Fine Bread, 1964, 348 U.S. 115, 75 S.Ct. 148, 99 L.Ed. 145.

2. Littlejohn v. Shell Oil Co., 5 Cir. 1972, 456 F.2d 225.

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 431 F.2d 409, Part I, (5th Cir. 1970).

fendant-officers was excessive. Plaintiff was awarded, consequently, five hundred dollars in damages. On appeal, plaintiff argues that (1) the damages were inadequate, (2) all of the defendants should have. been held liable; and (3) attorneys fees, costs, and punitive damages should have been awarded. We affirm.

Plaintiff's depiction of his Bourbon Street encounter in the early morning hours of June 13, 1970, is generally irreconcilable with defendants' testimony. The trial judge concluded that the fracas

> arose out of officer Pellegrin's belief that plaintiff was molesting a pedestrian, and that initially, under the circumstances extant in the French Quarter [a recent similar brawl had resulted in an attorney's death], Pellegrin acted reasonably. However, the attempted arrest soon erupted into an uneven brawl, caused by the officers' anger with the plaintiff.

In light of the tension-ridden atmosphere, the officers' reaction, in the District Court's opinion, "might be quite understandable . . . [but] cannot excuse their use of excessive force

. . . .

> While there is no doubt that he resisted vigorously, the police could or should have been able to exercise control over plaintiff without inflicting upon him the amount of physical punishment that was in fact inflicted.

Of the eight policemen involved, only three were found to have overreacted.

Plaintiff's appeal stems basically from his disagreement with the trial court's findings of fact. *First*, the adequacy of the damages can be determined only in the context of evidence presented, and findings of fact cannot be set aside unless "clearly erroneous." Rule 52(a), F.R.Civ.P. Confronted with entirely contradictory testimony, the trial judge observed the witnesses, determined their credibility, and concluded that, since plaintiff incurred medical expenses of $173, lost no wages, and suffered no permanent injuries, damages in

J. Paul Demarest, New Orleans, La., for plaintiff-appellant.

Blake G. Arata, City Atty., Charles C. Foti, Jr., Asst. City Atty., New Orleans, La., for defendant-appellee.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

PER CURIAM:

In this suit based upon 28 U.S.C.A. § 1343(3) and 42 U.S.C.A. § 1983, plaintiff alleges that he suffered personal injuries at the hands of members of the New Orleans Police Department. After much contradictory testimony, the District Court found that defendant-officer Pellegrin's initial actions in attempting to arrest plaintiff were reasonably performed, with good cause, but that the subsequent behavior of three of the de-

the amount of five hundred dollars were warranted. Plaintiff has failed to demonstrate either that the District Court reconstructed the events inaccurately or that the injuries required a more substantial award.

■ *Second*, the District Court limited the recovery to the three defendants he found to have "actually used excessive physical force in making the arrest." The other defendants, he concluded, merely acted in good faith on the assumption that Jacobs was under arrest and was attempting to escape. Plaintiff fails to carry his burden to show us that the trial judge's findings were "clearly erroneous." Rule 52(a), F.R.Civ.P.

■ *Third*, it was not error to fail to award attorneys fees, costs or punitive damages where, as the trial court here found, "[t]he actions of defendants in the context of the situation . . . while not justified, were not done with . . . such malice as implies a spirit of mischief or criminal indifference to civil obligations."

Affirmed.